UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JONATHAN C. BAUM                                              PLAINTIFF

v.                              CIVIL ACTION NO. 3:15-CV-00787-CRS-CHL

METRO RESTORATION SERVICES, INC.                         DEFENDANT

Memorandum Opinion

I.      Introduction

This matter is before the Court on the motion of Defendant Metro Restoration Services, Inc. ("Metro Restoration") to alter or amend the Court's March 9, 2017 memorandum opinion and order under Federal Rule of Civil Procedure 59(e) or under Federal Rule of Civil Procedure 60(b), ECF No. 28. Plaintiff Jonathan C. Baum responded, ECF No. 30. Metro Restoration replied, ECF No. 31. For the reasons explained below, the Court will deny Metro Restoration's motion to alter or amend the March 9, 2017 memorandum opinion and order.

II.      Background

The Court recounted the facts of this case at length in its March 9, 2017 memorandum opinion. *See* Mem. Op. 3/9/2017 1–7, ECF No. 25. The Court, however, believes a brief review of the events giving rise to the claims and the procedural history of the case would be of assistance in considering the current motion to amend or alter the March 9, 2017 memorandum opinion and order.

Metro Restoration is a restoration company that remediates property after severe weather events. Baum Dep. 53–54, ECF No. 23-1. In May 2013, Metro Restoration hired Baum as a scheduler. *Id.* at 38. Baum's direct supervisor was Patrick Cahill, Metro Restoration's owner and CEO. Cahill Dep. 33, ECF No. 23-2.

In 2014 and 2015, Baum began experiencing a number of personal events that caused him to miss work at Metro Restoration. For example, Baum and his wife separated in June of 2014 and were divorced in March of 2015. Baum Dep. 12, ECF No. 23-1. In December 2014, Baum was diagnosed with an enlarged right ventricle in his heart and heart palpitations. *Id*. at 92; Medical R. 2, ECF No. 23-4. In February 2015, Baum's diagnosis was changed to additionally include an atrioventricular block, Mobitz type 1, Bradycardia, and chest pain. Medical R. 2, ECF No. 23-5.

On the weekend of Friday, April 3, 2015 through Sunday, April 5, 2015, there were a number of weather-related, catastrophic events that created business for Metro Restoration but during which Baum did not work at Metro Restoration's office. *Id*. at 57, 63–65. Four days later, on April 8, 2015, Cahill terminated Baum from his position as a scheduler. *Id*. at 84–85.

Baum sued Metro Restoration in the Jefferson County, Kentucky Circuit Court for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. Ann. § 344.010, *et seq*., and the Kentucky Equal Opportunities Act (KEOA), Ky. Rev. Stat. Ann. § 207.130, *et seq*. Compl., ECF No. 1-3. Baum asserted that (1) he was a qualified person with a disability because of his heart condition, which substantially limited him in the major life activities of lifting and working, as well as his circulatory and cardiovascular systems, and because he was "regarded as" a person with a disability, (2) Metro Restoration failed and refused to provide reasonable accommodations for his return to work despite his requests to do so, (3) his being a qualified person with a disability motivated Metro Restoration's decision to terminate him, and (4) these actions violated the ADA's and the KCRA's disability discrimination and retaliation provisions (Count I). *Id*. ¶¶ 22–31. Baum also alleged that Metro Restoration terminated him because of his physical disability,

which violated the anti-discrimination provisions of the KEOA (Count II). *Id*. ¶¶ 32–36. He sought compensatory damages, punitive damages, liquidated damages, and equitable relief reinstating him to his former position as a scheduler. *Id*. at 5. Metro Restoration removed the case to this Court under 28 U.S.C. §§ 1331 and 1441. Not. Removal 1, ECF No.1.

Metro Restoration then moved for summary judgment against all of Baum's claims under Federal Rule of Civil Procedure 56(a). Mot. Summ. J. 1, ECF No. 18. Metro Restoration argued that Baum did not meet the definitions of a person with a disability provided by the ADA, KCRA, and KEOA, and thus his claims failed as a matter of law. Mem. Supp. Mot. Summ. J. 1, ECF No. 18-1.

The Court granted in part and denied in part Metro Restoration's motion for summary judgment. Order 3/9/2017 1–2, ECF No. 26. The Court granted summary judgment on (1) Baum's ADA claim based on the 42 U.S.C. § 12102(1)(A) definition of a person with a disability to the extent that it involved substantial limitations on his ability to lift and work, (2) Baum's ADA claim based on the § 12102(1)(C) definition of a person with a disability, and (3) Baum's KCRA and KEOA claims. *Id*.

The Court denied summary judgment on Baum's ADA claim based on the § 12102(1)(A) definition of a person with a disability to the extent that it involved alleged, substantial limitations on his circulatory and cardiovascular systems ("the circulatory-and-cardiovascular-defined ADA claim"). *Id*. The Court explained in its memorandum opinion that summary judgment was inappropriate because Metro Restoration never addressed the circulatory-and-cardiovascular-defined ADA claim in its motion, memorandum of law, or reply. Mem. Op. 3/9/2017 11–12, ECF No. 25. Metro Restoration thus failed to carry its burden of demonstrating under Rule 56(a) that there was not a genuine issue of material fact and that it was entitled to

summary judgment as a matter of law on the circulatory-and-cardiovascular-defined ADA claim. *See id*.

III.  Discussion

Metro Restoration now moves to alter or amend the March 9, 2017 memorandum opinion and order under Federal Rule of Civil Procedure 59(e) and under Federal Rule of Civil Procedure 60(b), and requests that the Court also grant summary judgment on the circulatory-and-cardiovascular-defined ADA claim. Mot. Amend 1, ECF No. 28; Mem. Supp. Mot. Amend 2–3, ECF. No. 28-1

> A.  Whether Metro Restoration's Motion to Alter or Amend the March 9, 2017 Memorandum Opinion and Order Should Be Granted under Rule 59(e)

Rule 59(e) provides that a party may move to alter or amend a judgment previously issued by the court. Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A court may alter a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

A Rule 59(e) motion is not "an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Parties should not use Rule 59(e) motions to raise arguments that could or should have been raised before the court issued the judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 U.S. Dist. LEXIS 29881, at *4 (W.D. Ky. Apr. 19, 2007).

4

Metro Restoration argues that the Court should alter or amend the March 9, 2017 memorandum opinion and order to grant summary judgment on the circulatory-and-cardiovascular-defined ADA claim based on a need to prevent "manifest injustice." Mem. Supp. Mot. Amend 2, ECF No. 28-1. Metro Restoration explains that, given the record before the Court, Baum cannot successfully establish his circulatory-and-cardiovascular-defined ADA claim because he cannot show that his heart impairment substantially limits his circulatory and cardiovascular systems and thus he is not a person with a disability. *Id*. at 3–12. Pointing to Baum's deposition, Metro Restoration asserts that Baum's "diagnoses show that, although an ailment has been identified, it unquestionably does not limit the function of his circulatory system." *Id*. at 4. Metro Restoration similarly contends that "a closer look at [Baum's] medical records and testimony demonstrates that his diagnoses do not substantially, or even mildly, limit the function of his circulatory system." *Id*. at 8.

Baum maintains in opposition that Metro Restoration's motion to alter or amend the March 9, 2017 memorandum opinion and order is procedurally improper because the company failed to address the circulatory-and-cardiovascular-defined ADA claim in its original motion for summary judgment or in its reply. Resp. Opp. Mot. Amend 3–7, ECF No. 30. Baum further argues that Metro Restoration provides only lay opinions about his medical conditions that are entitled to no weight and that demonstrate that there remain genuine issues of material fact remaining about the circulatory-and-cardiovascular-defined ADA claim. *Id*. at 7–13.

Metro Restoration fails to demonstrate that a manifest injustice would result if the Court did not grant summary judgment on Baum's circulatory-and-cardiovascular-defined ADA claim. Metro Restoration does not explain why a manifest injustice would result or even identify the manifest injustice.

Metro Restoration had the opportunity to fully address the circulatory-and-cardiovascular-defined ADA claim in its original motion for summary judgment and reply— but failed to do so. Metro Restoration even acknowledges its failure to address the issue in its motion and reply: Metro Restoration writes, "Admittedly, Defendant did not thoroughly examine the alleged substantial limitation on [Baum's] circulatory system as a basis for his disability." Mem. Supp. Mot. Amend 12, ECF No. 28-1. Metro Restoration's arguments are primarily a request to have another chance to present its case to the Court on the circulatory-and-cardiovascular-defined ADA claim. This is procedurally improper.

And regardless, the evidence that Metro Restoration presents does not persuade the Court that it is entitled to summary judgment on Baum's circulatory-and-cardiovascular-defined ADA claim. The portions of Baum's testimony and medical records cited by Metro Restoration fail to show that Baum could not meet the § 12102(1)(A) definition of a person with a disability to the extent that the definition involves alleged substantial limitations on his circulatory and cardiovascular systems. Baum did not testify that his heart impairment left his circulatory and cardiovascular systems unaffected, and the medical records do not state as such. Without the assistance of expert testimony or other comparable evidence, the Court is unwilling to find that Baum's heart condition did not substantially limit his circulatory and cardiovascular systems. This does not, however, preclude Metro Restoration from filing a second motion for summary judgment on the circulatory-and-cardiovascular-defined ADA claim that is properly supported.

In sum, the Court will deny Metro Restoration's motion to alter or amend the March 9, 2017 memorandum opinion and order under Rule 59(e).

B.  Whether Metro Restoration's Motion to Alter or Amend the March 9, 2017 Memorandum Opinion and Order Should Be Granted under Rule 60(b)

Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as "mistake, inadvertence, surprise, or excusable neglect," "fraud . . ., misrepresentation, or misconduct by an opposing party," or because "the judgment has been satisfied, released, or discharged." Rule 60(b) relief is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The moving party has the burden of showing that he or she is entitled to relief under Rule 60(b). *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir. 2003). The moving party cannot rely on Rule 60(b) to avoid the "consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Federal's, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977). Additionally, the moving party cannot use Rule 60(b) as a "second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Metro Restoration's arguments in support of altering or amending the March 9, 2017 memorandum opinion and order under Rule 60(b) are identical to its Rule 59(e) arguments. And, as noted above, Metro Restoration's arguments are primarily a request to have another chance to present its case to the Court. Metro Restoration cannot use Rule 60(b) to avoid the consequences of its decision not to address the circulatory-and-cardiovascular-defined ADA claim in its motion for summary judgment or in its reply. *See Federal's, Inc.*, 555 F.2d at 583. As such, the Court

7

will deny its motion to alter or amend the March 9, 2017 memorandum order and opinion under Rule 60(b).

IV.     Conclusion

The Court will deny Metro Restoration's motion to alter or amend the March 9, 2017 memorandum opinion and order. An order will be entered in accordance with this memorandum opinion.